**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

Plaintiff,

Case No. 24-cr-20086

v.

Judith E. Levy
United States District Judge

Glenn Pack,

Mag. Judge Anthony P. Patti

Defendant.

________________________________/

**ORDER GRANTING DEFENDANT'S MOTION FOR A COMPETENCY HEARING, COMMITTING DEFENDANT TO THE CUSTODY OF THE ATTORNEY GENERAL FOR A PSYCHIATRIC EXAMINATION, AND AUTHORIZING THE APPOINTMENT OF DR. DANIEL MAYMAN UNDER THE CRIMINAL JUSTICE ACT [63]**

Before the Court is Defendant Glenn Pack's motion for a hearing to determine his mental competency pursuant to 18 U.S.C. § 4241(a). (ECF No. 63.) On September 30, 2026, the Court held a hearing and, for the reasons stated on the record, found that there is reasonable cause to believe that Mr. Pack may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings

against him or to assist properly in his defense. 18 U.S.C. § 4241(a). The Court also granted, on the record, Mr. Pack's request that he be examined by Dr. Daniel Mayman, with Dr. Mayman's services to be paid with Criminal Justice Act funds pursuant to 18 U.S.C. § 3006A(e).

Accordingly, IT IS ORDERED that:

1. Defendant's motion for a competency hearing (ECF No. 63) is GRANTED. A competency hearing will be conducted pursuant to 18 U.S.C. §§ 4241(c) and 4247(d) on a date to be set by the Court after receipt of the examination report(s).

2. Pursuant to 18 U.S.C. §§ 4241(b) and 4247(b), Defendant is committed to the custody of the Attorney General for placement in a suitable Federal Bureau of Prisons medical facility for a psychiatric or psychological examination to determine whether he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

3. The commitment for a psychiatric or psychological examination shall be for a reasonable period not to exceed thirty (30) days, which period shall begin on the date Defendant arrives at the

designated facility. The director of the facility may apply to the Court for a reasonable extension not to exceed fifteen (15) days upon a showing of good cause that additional time is necessary to observe and evaluate Defendant. 18 U.S.C. § 4247(b).

4. The United States Marshals Service shall transport Defendant to the designated facility as promptly as possible and, upon completion of the examination, shall return Defendant to this District for further proceedings.

5. The examination shall be conducted by a licensed or certified psychiatrist or psychologist at the designated facility. Pursuant to 18 U.S.C. §§ 4241(b) and 4247(c), the examiner shall prepare, as soon as practicable, a written report that includes: (a) Defendant's history and present symptoms; (b) a description of the psychiatric, psychological, and medical tests that were employed and their results; (c) the examiner's findings; and (d) the examiner's opinions as to diagnosis, prognosis, and whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The report shall be promptly filed with the Court

under seal, with copies provided to counsel for Defendant and counsel for the government at the same time. The report may be used by any party for purposes of a competency hearing, detention hearing, or any other purpose related to the defendant or this case. The examiner shall produce to counsel for Defendant and counsel for the government copies of all records and documents that were reviewed, created, or relied upon in forming the basis of the opinion regarding Defendant's medical condition.

6. Pursuant to 18 U.S.C. § 3006A(e)(1), the Court finds that the services of a psychiatric expert are necessary for adequate representation of Defendant, who is represented by counsel appointed under the Criminal Justice Act, and that Defendant is financially unable to obtain such services. Defense counsel is therefore authorized to retain Dr. Daniel Mayman to conduct a psychiatric examination of Defendant concerning his present mental competency and related issues and to make recommendations regarding possible treatment while Defendant awaits placement at a Federal Medical Institution for a full psychiatric or psychological examination.

7. Dr. Mayman shall be compensated from Criminal Justice Act funds at rates and in amounts consistent with 18 U.S.C. § 3006A(e) and

the Guide to Judiciary Policy, Volume 7A. Compensation shall be claimed on CJA Form 21. Any compensation in excess of the statutory maximum set by 18 U.S.C. § 3006A(e)(3) shall be subject to certification by this Court and approval by the Chief Judge of the United States Court of Appeals for the Sixth Circuit or the Chief Judge's designee.

8. The Federal Bureau of Prisons, the United States Marshals Service, and any facility at which Defendant is detained shall permit Dr. Mayman to have confidential access to Defendant, either in person (including a contact visit) or by secure videoconference, for such time as is reasonably necessary to conduct the examination, and shall permit Dr. Mayman to bring with him the testing materials and equipment reasonably necessary for that purpose. Upon request of defense counsel and receipt of any required authorization, the Bureau of Prisons shall provide Dr. Mayman with copies of Defendant's medical and mental health records.

9. Dr. Mayman shall provide his report to defense counsel. Mr. Pack shall file Dr. Mayman's report under seal and serve a copy on the government when it becomes available.

11. The Clerk of Court shall provide a copy of this Order to the United States Marshals Service, which shall forward it to the Federal Bureau of Prisons and the designated facility.

12. The period beginning with Defendant's motion and ending with the conclusion of the competency hearing shall be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (h)(1)(F), and that period beginning the day after the conclusion of the competency hearing and ending with the Court's ruling on Defendant's mental competency or with the lapse of 30 days, whichever occurs first, be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(H).

IT IS SO ORDERED.

Dated: October 1, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 1, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager